# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Lee Spencer, | No. CV-16-547-PHX-SMM (ESW) |
| Petitioner, | |
| v. | **ORDER** |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 13.) The matter was referred to Magistrate Judge Eileen S. Willett for a Report and Recommendation. (Doc. 19.) Magistrate Judge Willett filed a Report and Recommendation with this Court recommending that Petitioner's Amended Petition for Writ of Habeas Corpus be denied as untimely under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). (Doc. 27.) Subsequently, Petitioner filed his objections with the Report and Recommendation. After considering the Report and Recommendation and the arguments raised in Petitioner's Objections, the Court now issues the following ruling.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations

1 made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923
F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452,
454 (9th Cir. 1983)).

## DISCUSSION[1]

When Petitioner was serving his sentence on Arizona's death row, the Supreme Court decided Atkins v. Virginia, 536 U.S. 304 (2002), which held that the execution of intellectually disabled defendants constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Subsequently, Petitioner was able to establish that he was intellectually disabled, and was entitled to be re-sentenced on his first-degree murder conviction.

Following his re-sentencing, Petitioner sought permission from the Ninth Circuit Court of Appeals to file a successive federal habeas petition. The Ninth Circuit explained that in light of Petitioner's 2011 re-sentencing, his application was unnecessary, and that Petitioner could file a habeas petition without prior authorization. (Doc. 27 at 2.)

After thoroughly reviewing the procedural history of this matter, the Magistrate Judge found Petitioner's Amended Habeas Petition untimely and that Petitioner had failed to establish either Statutory Tolling, Equitable Tolling or the Miscarriage of Justice exception. (Id. at 5-7.)

The Court has reviewed Petitioner's objections to the findings of the Magistrate Judge. Petitioner has not attempted to explain what prevented him from filing a timely habeas petition pursuant to the AEDPA. (Doc. 28 at 4-9.) Rather, Petitioner argues various issues with his re-sentencing and his trial. (Id.) This is insufficient to establish tolling, either statutory or equitable, or that he has identified facts showing a miscarriage of justice.

Having reviewed the legal conclusions by the Magistrate Judge in her Report and Recommendation, and having ruled on the objections made by Petitioner, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 27.)

**CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of Magistrate Judge Willett. (Doc. 27.)

**IT IS FURTHER ORDERED** denying with prejudice Petitioner's Amended Petition for Habeas Corpus. (Doc. 13) The Clerk of Court shall issue judgment and terminate this case.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Further, the Court finds that this dismissal was justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court forward this Order to the Chambers of Magistrate Judge Willett.

DATED this 25th day of July, 2018.

Stephen M. McNamee
Senior United States District Judge